FILED

UNITED STATES DISTRICT COURT
DISTRICT OF THE STATE OF RHODE ISLAND
2013 JUN 12  A 10: 26

LUIS C. DELAHOZ,
U.S. DISTRICT COURT
VS.   DISTRICT OF RHODE ISLAND

CA NO.

CITIMORTGAGE, INC..;
MCM CAPITAL HOMEOWNERS
ADVANTAGE TRUST IX

**CA 13- 438 M**

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY
JUDGMENT ACCORDING TO THE PROVISIONS OF §9-30-1, et. seq. of THE
GENERAL LAWS OF THE STATE OF RHODE ISLAND
And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO§34-16-1
et. Seq. of THE RHODE ISLAND GENERAL LAWS.**

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act
and as such fall within the jurisdiction of this Honorable Superior Court.**

**INTRODUCTION**

1.  This complaint seeks a declaratory judgment that an alleged "Assignment" of the
    Plaintiff's mortgage loan from Defendant, Citimortgage ("CITIMORTGAGE") to
    Defendant, MCM CAPITAL Homeowners Advantage Trust IX ("MCM CAPITAL")
    is invalid, was not recorded at the time of an alleged foreclosure sale and publication
    and that, as a result, MCM CAPITAL was not the valid mortgagee at all times
    relevant to the foreclosure sale on Plaintiff's property.  As grounds set forth the
    Plaintiff avers that the "Assignment of Mortgage" from the Defendant, Citimortgage
    ("CITIMORTGAGE"), to Defendant, MCM CAPITAL, was not "duly executed",
    was not recorded, and failed to exist and failed to assign the Mortgage and Note in
    accordance with R.I.G.L. 34-11-1 and R.I.G.L. 34-11-24.  Plaintiff further avers that
    any Assignment of Mortgage executed by was not executed with requisite authority
    and effect.

2.  Plaintiff further contends that Defendant, MCM CAPITAL, is not the current owner
    of the Property because there is no Assignment of Mortgage purporting to assign the
    Mortgage from CITIMORTGAGE to MCM CAPITAL and the Foreclosure Deed
    purporting to grant the Property to MCM CAPITAL is null and void.

3.  The Plaintiff prays that this Honorable Court declare the foreclosure sale invalid,
    enjoin the Defendants from proceeding with any eviction action against Plaintiff
    pending a determination by this Court verifying the validity of the Mortgage,
    Assignment of Mortgage, Foreclosure Deed, and the underlining sale.  Plaintiff
    further respectfully requests this Honorable Court quiet the title of said property by

1

declaring Plaintiffs, Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), the sole owner.

## The Parties

4. Plaintiff, Luis C. Delahoz ("DELAHOZ"), claims to be the owner of real property located at 126 Courtney Avenue, Pawtucket, Rhode Island, 02861.

5. Defendant, Citimortgage, ("CITIMORTGAGE") is identified as an Assignee of a First Assignment of mortgage executed by "M.Matthews" and an Assignor of a Second Assignment of Mortgage also executed by "M.Matthews". Defendant, CITIMORTGAGE, has an address of 4050 Regent Blvd. Irving TX 75063.

6. Defendant, MCM CAPITAL is located at 7500 Old Georgetown Road, Suite 1300, Bethesda, MD 20814.  MCM CAPITAL claimed to be the mortgagee or assignee of the Plaintiff's mortgage from CITIMORTGAGE at the time of the alleged foreclosure sale. DELAHOZ, alleges that the Assignments of Mortgage from CITIMORTGAGE to MCM CAPITAL and any Foreclosure Deed to or from MCM CAPITAL fail to exist and are invalid.

## JURISDICTION

7. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

8. Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

9. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

   b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

2

d. Plaintiff claims that only she has a marletable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

10. Plaintiff, Luis C. Delahoz ("DELAHOZ"), became the owner of the property located at 126 Courtney Avenue, Pawtucket, RI 02861 on November 10, 2004. The Warranty Deed granting Luis C. Delahoz and Oneyada Delahoz, the property was recorded in the Land Evidence Records of the City of Pawtucket in Book 2227 Page 187. (Exhibit 1)

11. On January 26, 2006, Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), executed a mortgage which they believed was to Citicorp Trust Bank and which identified Citicorp as the Lender on Page 1 (the "Mortgage"). The Mortgage to DELAHOZ, allegedly secured a loan to DELAHOZ, in the amount of $248,904.08. The Mortgage was recorded in the Land Evidence Records of the City of Pawtucket in Book 2576 at Page 300. (Exhibit 2).

12. The mortgagee named on the DELAHOZ Mortgage at page 1 is Citicorp.

13. The only Lender named on the DELAHOZ Mortgage and Note is Citicorp.

14. Citicorp and Citimortgage surreptitiously hid the transfer of the beneficial interest in the DELAHOZ loan to an undisclosed number of undisclosed entities for an undisclosed amount of fees. This, in turn, facilitated the securitization process of the DELAHOZ Loan into a securitized investment vehicle.

15. DELAHOZ was never told by the Defendants who held the beneficial interest in the loan or the Promissory Note

16. On October 14, 2010, an Assignment of Mortgage ("First Assignment") was recorded purporting to assign the DELAHOZ Mortgage from Citicorp to CITIMORTGAGE. The Assignment was recorded in Book 3301 at Page 332 in the Land Evidence Records of the City of Pawtucket.

3

17. The First Assignment states that the DELAHOZ Mortgage was assigned "for valuable consideration". Based on information and belief no consideration was exchanged between Citicorp and Citimortgage.

18. The First Assignment was executed by "M. Mathews" as Vice President of Citicorp Trust Bank.

19. Based on information and belief the signatures on the assignment are not "duly executed" in accordance with R.I.G.L. 34-11-1 because the signatory did not have personal knowledge of any alleged transfer of the DELAHOZ Note or Mortgage from Citicorp or Citimortage to MCM Capital.

20. On April 2, 2012, an Assignment of Mortgage ("Second Assignment") was recorded purporting to assign the DELAHOZ Mortgage from CITIMORTGAGE to MCM Capital. The Assignment was recorded in Book 3461 at Page 120 in the Land Evidence Records of the City of Pawtucket.

21. The Second Assignment states that the DELAHOZ Mortgage was assigned "for valuable consideration". Based on information and belief no consideration was exchanged between Citicorp and Citimortgage.

22. The Second Assignment was executed by "M. Mathews" as Vice President of CITIMORTGAGE.

23. Based on information and belief the signatures on the assignment are not "duly executed" in accordance with R.I.G.L. 34-11-1 because the signatory did not have personal knowledge of any alleged transfer of the DELAHOZ Note or Mortgage from CITIMORTGAGE to MCM Capital.

24. CITIMORTGAGE and or MCM Capital were not a valid mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law.

25. The Mortgage at Page 4, contains language that provides for the Statutory Power of Sale in the event of a default on the note by DELAHOZ.

26. At page 4 of the Mortgage, it clearly states that the *Lender (ie. Citicorp)*, upon default by the borrower, may invoke the Statutory of Sale.

27. The Mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

28. At page 10, it goes on to state that "If Lender invokes the statutory power of sale" Lender shall mail a copy of a notice of sale to Borrower.

29. The Lender (ie. Citicorp) never invoked the Statutory Power of Sale in this matter.

4

30. At Page 10, Paragraph 22, it states that "Lender shall publish the notice of sale."

31. The Lender (ie. Citicorp) never published the notice of sale.

32. Defendants, which are not the Lender, wrongly and without contractual or statutory authority, are attempting to invoke the power of sale.

33. Defendants, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

34. The actions taken by the Defendants, are without any force or effect relative to the invocation of the Statutory Power of Sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the Note and the Mortgage.

35. The foreclosure has not been noticed or scheduled or advertised as required by the Note and Mortgage.

36. MCM CAPITAL and CITIMORTGAGE did not have standing to foreclose.

37. Rhode Island General Laws §34-11-21 "Statutory Mortgage Condition". provides that this conveyance is made upon the express condition, that if the mortgagor *shall pay to* the mortgagee or mortgagee's assigns, the principal and interest of that certain promissory note, than this deed as also the promissory note, shall become void.

38. Rhode Island General Laws §34-11-21 clearly contemplates the lender and the original mortgagee as being the same party because the lender or Lender's assigns are the only parties entitled *to payments* ie. enforcement of the note.

39. Since CITIMORTGAGE was never assigned the Note and, by its' own definition, never accepts payments, an entity such as CITIMORTGAGE that separates the mortgagee and the note holder from the deed's inception can not exist under Rhode Island General Laws.

40. Rhode Island General Laws §34-11-22 provides that a Mortgagee may invoke the statutory power of sale, however, that statute clearly contemplates the mortgagee and lender being the same party. In this instance, it is clearly stated in the Note and Mortgage that the Lender, and by necessary implication, not the Mortgagee or a "Nominee Mortgagee", that can invoke the power of sale.

41. Any alleged foreclosure auction was invalid because MCM CAPITAL was not a valid mortgagee at the time of the publication, auction and sale.

42. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such falls within the jurisdiction of this Honorable Superior Court.

43. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

## COUNT I
### Injunctive Relief and Declaratory Judgment

44. The Plaintiff hereby reincorporates paragraphs 1 – 43 as if they were fully articulated herein.

45. Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

46. The Mortgage and Assignment are not duly acknowledged or executed in accordance with R.I.G.L. 34-11-1 and are "void" according to the statute.

47. The purported Mortgage is invalid.

48. Any purported Assignment from CITIMORTGAGE to MCM CAPITAL is invalid.

49. Any purported Foreclosure Deed from MCM CAPITAL or to MCM CAPITAL is invalid.

50. MCM CAPITAL and CITIMORTGAGE have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), has suffered compensable damages.

51. Plaintiff is being irreparably harmed by the actions of all of the Defendants.

52. Plaintiff has no other remedy at law but to seek the relief requested herein.

53. The Equities of the matter favor the Plaintiff.

54. Public Policy matters favor the Plaintiff.

**WHEREFORE**, Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), prays for the following relief:

    a. Determine that the Mortgage is void in accordance with the requirements set forth in 34-11-1, 34-11-22, 34-11-24
    b. Determine that there are no assignments of record with regard to the mortgage;
    c. Determine that any Foreclosure Deed is null and void;
    d. Order that MCM CAPITAL and CITIMORTGAGE have no interest in the subject property;

e. Temporarily, preliminarily and permanently restrain CITIMORTGAGE and MCM CAPITAL from commencing any further foreclosure actions or eviction actions against the Plaintiff or Plaintiffs' tenants pending a trial on the merits of the Plaintiff's complaint,

f. Award the Plaintiff compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact

g. Award attorney's fees and costs

h. Award such other relief as this Court deems just and proper.

## COUNT II
## Quieting Title
## Rhode Island General Law §34-16-5

55. The Plaintiff hereby realizes and reincorporates paragraphs 1 – 43 as if they were fully articulated herein.

56. The real estate as issue is located at 126 Courtney Avenue, Pawtucket, Rhode Island.

57. MCM CAPITAL claims to have an interest in the property pursuant to a foreclosure auction. The address of MCM CAPITAL is set forth hereinabove.

58. MCM CAPITAL and Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), both make claim to the fee simple interest in the aforesaid property.

59. Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), claims title to the property pursuant to a Deed recorded on November 10, 2004 in Book 2227 Page 187 of the Land Evidence Records of the City of Pawtucket.

60. MCM CAPITAL claims an interest adverse to Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), by way of an Assignment of Mortgage from CITIMORTGAGE. The Assignment of Mortgage is invalid.

61. MCM CAPITAL claims an adverse interest in the property, to wit, a Foreclosure Deed in the Land Evidence Records of the City of Pawtucket. The Foreclosure Deed is invalid

**WHEREFORE**, Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), prays for the following relief:

a. That judgment enters for him on his complaint regarding title to and ownership of the subject property that is subject of this claim.

b. That the Court find as a matter of law that the owner of this property is Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ").

    c. That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"),.

    d. That the court or other trier of fact, order the defendants to pay the Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"),'s damages which it deems appropriate.

    e. That the Court or other trier of fact award Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), their costs, including a reasonable attorney's fee.

## COUNT III – BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

**62.** Plaintiff repeats and incorporates all paragraphs above as if fully articulated herein.

63. As the entity responsible for exercising the statutory power of sale, the Defendant, MCM CAPITAL, owed the Plaintiffs, Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

64. By conducting foreclosure proceedings without a valid assignment from CITIMORTGAGE, the Defendant, MCM CAPITAL, violated this duty.

65. The Plaintiff, Luis C. Delahoz and Oneyada Delahoz ("DELAHOZ"), were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to workout their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on her account.

66. The Plaintiffs are entitled to a declaratory judgment determining that the foreclosure sale of her property is void.

67. The Plaintiffs are entitled to an injunction requiring that the Defendant take all steps necessary to restore the legal title to the property as if no foreclosure sale had ever occurred

68. The Plaintiffs are entitled to an injunction preventing the foreclosure sale of her property or any eviction action taken by the Defendant until such time as proper notice is made pursuant to statute.

69. The Plaintiffs are entitled to cancellation costs and fees assessed to her for wrongful foreclosure, together with additional damages.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant the following relief:

i.     Declare that the purported Assignment from CITIMORTGAGE to MCM
       CAPITAL is invalid and failed to transfer title to said Mortgage and Note
       to MCM CAPITAL

ii.    That any foreclosure sale conducted by the Defendants, MCM CAPITAL,
       or CITIMORTGAGE, be declared void;

iii.   That the Foreclosure Deed recorded by the Defendants, MCM CAPITAL
       be declared void;

iv.    Injunctive relief staying MCM CAPITAL and CITIMORTGAGE from
       proceeding with any eviction actions against the Plaintiffs,  Luis C.
       Delahoz and Oneyada Delahoz ("DELAHOZ"), or their tenants;

v.     Declare that the Plaintiff, Luis C. Delahoz and Oneyada Delahoz
       ("DELAHOZ"), is the owner of the Property;

vi.    Award the Plaintiffs money damages from Defendants for all monetary
       damages including but not limited to attorneys' fees and such further relief
       as is just and equitable;

vii.   Injunctive relief staying any foreclosure sale on the Property so that this
       case may adequately be heard prior to an unjust foreclosure; and

viii.  Such other relief this Court deems fair and just.

                                    Plaintiff,
                                    Luis C. Delahoz and Oneyada Delahoz,
                                    By their attorney,


                                    Todd S. Dion Esq. (6852)
                                    1319 Cranston Street
                                    Cranston, RI 02920
                                    401-942-9942 Phone
                                    401-942-9925 Fax

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all matters so triable as a matter of right