UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LUIS C. DELAHOZ | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-438M |
| CITIMORTGAGE, INC.; | : | |
| MCM CAPITAL HOMEOWNERS | : | |
| ADVANTAGE TRUST IX | : | |
| Defendants. | : | |

**DEFENDANT CITIMORTGAGE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12 (b) (1), (b) (6), and (b) (7)**

Defendant CitiMortgage, Inc. ("CMI" or "Defendant") submits this memorandum of law in support of its motion to dismiss (the "*Motion*") the complaint of Plaintiff Luis Delahoz ("Plaintiff") pursuant to *Fed. R. Civ. P.* 12 (b) (1) for failure to plead subject matter jurisdiction, *Fed. R. Civ. P.* 12 (b) (6) for failure to comply with the mandatory notice provision of the underlying mortgage, and *Fed. R. Civ. P.* 12 (b) (7) for failure to join at least one indispensable party.

**FACTS**

Plaintiff filed his complaint on or about June 12, 2013, naming CMI and MCM Capital Homeowners Advantage Trust IX ("MCM Capital") as defendants.[1] The following facts are taken from the complaint and are treated as true solely for purposes of the *Motion*. On or about January 26, 2006, Citicorp Trust Bank, FSB ("CTB") loaned the original principal amount of $248,904.08 to Luis C. Delahoz (Plaintiff) and Oneyda Delahoz. (*Compl.* ¶ 11.) The loan is

---

[1] There is no evidence to indicate that MCM Capital has yet to be served.

evidenced by a *Note* (the "*Note*," attached hereto as Exhibit A)[2] executed by Plaintiff. The *Note* is secured by a *Mortgage* (the "*Mortgage*," attached hereto as Exhibit B) encumbering real property located at 126 Courtney Avenue, Pawtucket, Rhode Island 02861. The *Mortgage* was recorded in the Land Evidence Records for the City of Pawtucket (the "Land Records") in Book 2576 at Page 300 on or about February 2, 2006. (*See* Exh. B; *Compl.* ¶ 11.)

On or about October 4, 2010, CTB assigned the *Mortgage* to CMI (the "*First Assignment*," attached hereto as Exhibit C), which assignment was recorded in the Land Records on or about October 14, 2010, in Book 3301 at page 332. (*See* Exh. C.) On or about March 27, 2012, CMI assigned the *Mortgage* to Newbury Place REO III, LLC (the "*Second Assignment*," attached hereto as Exhibit D),[3] which *Second Assignment* was recorded in the Land Records on or about April 2, 2012, in Book 3461 at page 120. (*See* Exh. D.) On or about December 4, 2012, Newbury Place REO III, LLC assigned the *Mortgage* to Newbury Place Ventures III, LLC (the "*Third Assignment*," attached hereto as Exhibit F), which *Third Assignment* was recorded in the Land Records on January 14, 2013, in Book 3559 at page 147. (*See* Exh. F.) On or about December 4, 2012, Newbury Place Ventures III, LLC assigned the *Mortgage* to The Home Guardian Trust (the "*Fourth Assignment*," attached hereto as Exhibit G), which *Fourth Assignment* was recorded in the Land Records on January 14, 2013, in Book 3559 at page 149. (*See* Exh. G.)

---

[2] Documents expressly referenced in the complaint, even if not attached thereto, may properly be considered on a motion to dismiss. *Watterson v. Page*, 987 F. 2d 1, 3 (1st Cir. 1993) ("The court must limit its considerations to the allegations contained in the pleadings, but may also consider documents that are either attached to the pleadings or incorporated by reference therein.") The documents attached to memorandum as Exhibits A through F all fall into this category, as the complaint references the assignments of the *Mortgage* and the land evidence records as it concerns the Property on several occasions.

[3] CMI executed a Corrective Assignment on or about May 31, 2012. ("*Corrective Assignment*," attached hereto as Exhibit E). The *Corrective Assignment* was recorded to correct the assignee named in the *Second Assignment*, as defendant MCM Capital was originally listed as the assignee when, in actuality, the correct assignee was Newbury Place REO III, LLC. The *Corrective Assignment* was recorded on or about June 4, 2012, in the Land Records in Book 3483 at page 149. (*See* Exh. E.)

The *Mortgage* contains a mandatory notice provision that must be satisfied prior to the initiation of a lawsuit by the borrower. (*See* Exh. B, at § 20.) In particular:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(*Id.*) The complaint contains no allegation(s) that this notice provision was satisfied. The complaint also lacks ***any*** citizenship allegations. *See Compl.* ¶ 11. Instead, it merely provides certain corporate addresses for the Defendants, *id.*, and, as regards the Plaintiff, alleges that the Property is in Rhode Island and that Plaintiff owns it, *id.* ¶¶ 8, 10.

## ARGUMENT

This Court should dismiss Plaintiff's complaint because it fails: (a) to properly plead diversity jurisdiction; (b) to allege compliance with the *Mortgage*'s mandatory notice provision; and (c) to join a required and indispensable party necessary for the relief sought (among possibly others, The Home Guardian Trust, the current assignee of the *Mortgage* according to the Land Records).

**A.      The Complaint Fails To Plead Diversity Jurisdiction.**

      **1.      Standard of Review**

In order to adjudicate a Rule 12 (b) (1) motion, the Court must first look to the nature of the movant's challenge. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). If the challenge goes to the sufficiency of the jurisdictional allegations (questioning not the facts themselves, but rather whether they establish a basis for federal jurisdiction), the Court must

credit the pleaded factual allegations as true and draw all reasonable inferences from them in the nonmoving party's favor. *Id.*

## 2. The Necessary Allegations Are Lacking

The complaint does nothing to establish the citizenship of the Plaintiff, or of either of the defendants, CMI and MCM Capital. Diversity jurisdiction is therefore not sufficiently pled, and the complaint should be dismissed. Under *Fed. R. Civ. P.* 8, the party asserting diversity jurisdiction must allege the necessary facts. *Fed. R. Civ. P.* 8 (a) (requiring a "a short and plain statement of the grounds for the court's jurisdiction"). On a motion to dismiss under *Fed. R. Civ. P.* 12 (b) (1) for lack of subject matter jurisdiction, "[t]he party invoking federal court jurisdiction bears the burden of proving its existence." *Pejepscot Indus. Park, Inc. v. Me. Cent. R.R. Co.*, 215 F.3d 195, 200 (1st Cir. 2000).

The jurisdictional allegations of the complaint are insufficient as a matter of law to invoke diversity jurisdiction under 28 U.S.C. § 1332. *Cameron v. Hodges*, 127 U.S. 322, 324, (1888). The United States Court of Appeals has recently required parties seeking to invoke federal jurisdiction in diversity cases to affirmatively plead the citizenship of all parties; it is not sufficient to attempt to "establish diversity in the negative" by pleading that none of the parties are citizens of the same state. *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011). ("That [defendant] is a citizen of Rhode Island and that [plaintiff] is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a ... Court of the United States.'" (quoting *Cameron*, 127 U.S. at 324)).

*Cameron*, although 125 years old, remains the governing precedent. *D.B. Zwirn*, 661 F.3d at 126. In *Cameron*, the defendant attempted to invoke diversity jurisdiction by alleging

"that none of the complainants are or were at that time citizens of said State of Arkansas."

*Ccameron,* 127 U.S. at 324. In rejecting this attempt, the Supreme Court reasoned:

> That the defendant […] was a citizen of Arkansas, in connection with the fact that none of the complainants were citizens of that state, is not sufficient to give jurisdiction in a circuit court of the United States.
>
> The adverse party must be a citizen of some other named state than Arkansas, or an alien. All the complainants might be residents and citizens of the District of Columbia, or of any territory, and they might not be citizens of the state of Tennessee where the suit was brought, or indeed, of any state in the union […]
>
> This court has always been very particular in requiring a distinct statement of the citizenship of the parties, and of the particular State in which it is claimed, in order to sustain the jurisdiction of those courts; and inasmuch as the only citizenship specifically averred and set out in the case before us is that of the defendant […] at whose instance the cause was removed, and as that is the only ground upon which the removal was placed, it seems clear that the circuit court did not have jurisdiction of it, and that the suit should have been dismissed or remanded for that reason.

*Id.* at 324–25 (internal citations omitted).

Here, the complaint fails to plead sufficient facts to establish diversity jurisdiction. In particular, it merely asserts, in pertinent part, as follows:

> This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of costs, and because the Defendant [sic] is a foreign corporation based outside the state of Rhode Island.

(*Compl.* ¶ 7.) The only other allegations that could even arguably concern jurisdiction are the allegations that the "real property that is subject of the action is situated within the State of Rhode Island," (*Compl.* ¶ 8), and that Plaintiff owns "property located at 126 Courtney Avenue, Pawtucket, RI 02861," (*Compl.* ¶ 10). But, neither of those allegations go to Plaintiff's citizenship. Thus, the citizenship of neither the Plaintiff nor the Defendants can be determined

from the complaint. Without allegations sufficient to establish that Plaintiff is diverse as to each of the Defendants, the complaint should be dismissed for lack of subject matter jurisdiction. *Cameron*, 127 U.S. at 325-26.

**B.   The Complaint Fails to Allege Satisfaction of A Mandatory Notice Provision.**

    **1.   Standard of Review**

To survive a motion to dismiss under Rule 12 (b) (6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    **2.   The Necessary Allegations Are Lacking**

Plaintiff's complaint fails to allege that Plaintiff gave notice before commencing judicial action, all in violation of the *Mortgage*. Section 20 of the *Mortgage* states in relevant part:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(*See* Exh. B, at § 20.) Plaintiff's failure to plead compliance with the *Mortgage's* mandatory notice provision is fatal to his claim.

Courts in other jurisdictions have found that nearly identical notice and cure provisions barred claims when the homeowners failed to provide notice before commencing an action. *See,*

*e.g., Niyaz v. Bank of Am.*, No. 1:10CV796, 2011 WL 63655, at *2 (E.D. Va. Jan. 3, 2011), *aff'd*, 442 Fed.Appx. 838 (4th Cir. 2011) (summary judgment granted in action to halt foreclosure where plaintiff failed to comply with mortgage notice-and-cure provision); *see also Gerber v. First Horizon Home Loans Corp.*, No. C05–1554P, 2006 WL 581082, at *2 (W.D. Wash. Mar. 8, 2006) (motion to dismiss mortgage contract claim granted where plaintiff failed to comply with notice-and-cure provision in mortgage); *see also Higley v. Flagstar Bank, FSB*, 910 F. Supp. 2d 1249, 1253 (D. Or. 2012) (motion to dismiss granted as to plaintiffs' claim that defendant could not nonjudicially foreclose because all assignments had not been recorded where plaintiff failed to allege compliance with the notice-and-cure provision and did not argue compliance in opposition to motion to dismiss, but rather argued that their failure to comply was non-material).

Here, all of Plaintiff's allegations arise from actions taken pursuant to the *Mortgage*. Because Plaintiff's complaint does not allege that he provided notice in accordance with the *Mortgage*, it should be dismissed.

C.  **The Complaint Fails to Join At Least One Required Party Under *Fed. R. Civ. P.* 19.**

   1.  **Standard of Review**

*Fed. R. Civ. P.* 12 (b) (7) allows a defendant to move to dismiss due to the plaintiff's failure to join a party under *Fed. R. Civ. P.* 19. Rule 19 joinder is necessary if a party is both required, under Rule 19 (a), and indispensable, under Rule 19 (b). *Fed. R. Civ. P.* 19.

Upon a motion pursuant to Rule 12 (b) (7), the moving party carries the burden of showing why an absent party should be joined. *Rand v. Bath Iron Works Corp.*, CIV. 99-227-P-C, 2000 WL 760730, at *2 (D. Me. Mar. 21, 2000) (citing 5C *Fed. Prac. & Proc. Civ.* § 1359 (3d ed.)). In meeting its burden, the moving party may present, and the court may consider,

evidence outside of the pleadings. *Id.* It is also well-settled in Rhode Island that, in actions seeking declaratory relief, the "failure to join all persons who have an interest that would be affected by the declaration" is fatal. *Thompson v. Town Council of Westerly*, 487 A.2d 498, 499 (R.I. 1985) (internal citations omitted).

### 2. The Complaint Fails To Comply With Rule 19

Under Rule 19 (a), the Court must first determine if an absent party is a "required party"[4] and whether their joinder is feasible. *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 22 n.19 (1st Cir. 2008); *Pujol*, 877 F.2d at 134. A party is *required* (1) if the party's absence prevents the court from according complete relief "among those already parties," or (2) when the party "claims an interest relating to the subject of the action and . . . disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any . . . persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations." *Fed. R. Civ. P.* 19 (b). If a party meets these criteria, it is deemed a "required" party unless joinder is not feasible.

Here, the complaint seeks to declare that the *Mortgage* was not properly assigned, that the current holder of the *Mortgage* does not actually hold it, that any foreclosure sale of the Plaintiff's property would be void in light of the allegedly defective assignments and other legal deficiencies, and that Defendants should be enjoined from proceeding with any eviction proceeding against the Plaintiff. (*Compl.* ¶¶ 1, 3.) Yet, despite the wide-ranging nature of the complaint's prayer for relief, it fails to join The Home Guardian Trust, the party which currently holds the *Mortgage* via the *Fourth Assignment*, and which would presently be entitled to foreclose. The Home Guardian Trust will thus be directly impacted by any judgment in this

---

[4] The Rule used to refer to a required party as a "necessary party." *See Pujol v. Shearson Am. Exp., Inc.*, 877 F.2d 132, 134 (1st Cir. 1989). To be consistent with the Rule's present phraseology, Defendants use the term "required" party. *Bacardi Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1, 10 (1st Cir. 2013).

- 8 -

case, and it will be unable to protect its interests in the *Mortgage* and the Property if not named as party hereto. Instead, the only entities named herein are predecessors in interest, which arguably have no interest in the outcome of this case. Based on the foregoing, it is apparent that The Home Guardian Trust is a required party that must be made a party to this proceeding.

While The Home Guardian Trust is a "required" party, it is unknown whether its joinder herein is *feasible*. As previously addressed, the complaint fails to properly plead diversity jurisdiction. Thus, it is unknown whether it is feasible to join The Home Guardian Trust to this matter in this Court.[5] Where joinder of a required party under Rule 19 (a) is not feasible, Rule 19 (b) provides that "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Fed. R. Civ. P.* 19 (b). In making this determination, the court is to give consideration to the following factors:

1. the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

2. the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

3. whether a judgment rendered in the person's absence would be adequate; and

4. whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

---

[5] Necessary parties should be joined "if [f]easible." *Fed. R. Civ. P.* 19 (a). In the traditional analysis, when the court's subject matter jurisdiction is grounded in diversity, the joinder of a nondiverse party is not feasible because such joinder destroys the court's subject matter jurisdiction. *In re Olympic Mills Corp.*, 477 F.3d 1, 8 (1st Cir. 2007).

In the event that The Home Guardian Trust cannot be joined, this matter should be dismissed. The Home Guardian Trust is a "true indispensable party," because relief is actually being sought against the absent party alone. *Stevens v. Loomis*, 334 F.2d 775, 777 (1st Cir. 1964).

## **CONCLUSION**

For the foregoing reasons, this Court should enter an Order dismissing Plaintiff's complaint.

> Respectfully submitted,
>
> CitiMortgage, Inc.,
> By its Attorneys,
>
> /s/ Joseph A. Farside, Jr.
> Joseph A. Farside, Jr. (#7559)
> Krystle Guillory Tadesse (#7944)
> EDWARDS WILDMAN PALMER LLP
> 2800 Financial Plaza
> Providence, RI 02903
> (401) 274-9200
> (401) 276-6611 (Fax)
> jfarside@edwardswildman.com
> ktadesse@edwardswildman.com

Dated: February 11, 2014

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 11th day of February 2014, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

               /s/ Joseph A. Farside, Jr.